UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| DORIS JEAN ADKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:13-CV-210 |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION

This social security appeal is before the court for consideration of "Plaintiff's Objections to the Magistrate Judge's Report and Recommendation" [doc. 19]. In the report and recommendation, United States Magistrate Judge H. Bruce Guyton found that the defendant Commissioner's decision that the plaintiff is not disabled is supported by substantial evidence in the record as a whole and should be affirmed [doc. 18]. He recommended that the plaintiff's motion for summary judgment [doc. 14] be denied and that the defendant Commissioner's motion for summary judgment [doc. 16] be granted.

Plaintiff made application for disability insurance benefits and supplemental security income on August 5, 2011. Her claims were initially denied on October 26, 2011 and on reconsideration on March 27, 2012. Plaintiff requested a hearing that was held on April 4, 2013, before an administrative law judge ("ALJ"), who found that plaintiff was not disabled. The Appeals Council denied plaintiff's request for review on

June 28, 2013, which rendered the determination by the ALJ the Commissioner's final decision. This appeal followed.

The court considers only specific objections to the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Fed'n of Teachers*, *Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). The "substantial evidence" standard of judicial review requires that the ALJ's decision be accepted if a reasonable mind might accept the evidence in the record as adequate to support the ALJ's conclusion. *Smith v. Sec'y of Health & Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989); *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) ("Substantial evidence exists when a 'reasonable mind might accept' the relevant evidence 'as adequate to support a conclusion.'"). "The substantial-evidence standard . . . presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). "Where the Commissioner's decision is supported by substantial evidence, it must be upheld even if the record might support a contrary conclusion." *Brooks v. Comm'r of Soc. Sec.*, 531 F. App'x 636, 641 (6th Cir. 2013) (citing *Smith v. Sec'y of Health & Human Servs.*, 893 F.2d at 108).

This court, sitting to review the administrative decision on appeal, cannot try the case *de novo*, resolve conflicts in the evidence, or reverse the ALJ's decision on the ground that the court might have decided issues of credibility differently. *Siterlet v. Sec. of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987). "[C]redibility

determinations with respect to subjective complaints of pain rest with the ALJ." *Id.* (citation omitted). Further, "[t]he Secretary is charged with finding the facts relevant to an application for disability benefits, and the Secretary's findings, if supported by substantial evidence, are conclusive." *Id.* (citing 42 U.S.C. § 405(g)).

As required by 28 U.S.C. § 636(b)(1) and Rule 72(b), Fed. R. Civ. P., this court has now undertaken a *de novo* review of those portions of the report and recommendation to which the plaintiff objects. For the reasons stated herein, the objections will be overruled.

Plaintiff's objections center around the ALJ's reference at the hearing to an application of the "grids" (medical vocational guidelines) and the ALJ's finding that plaintiff could stand and walk for four hours in an eight-hour workday. Dr. Goh found that plaintiff could stand and walk three to four hours in an eight-hour workday. Plaintiff contends that if "this opinion had been reflected in the ALJ's decision, and a return to past relevant work was precluded, the grid rules would have applied."

Plaintiff's argument that the ALJ's finding of four hours per day of standing and walking was incorrect is without merit. The range of "three to four hours" includes a finding that plaintiff could walk and stand for four hours; thus, Dr. Goh believed plaintiff to be capable of standing and walking for four hours. It was appropriate for the ALJ to adopt Dr. Goh's finding. The ALJ considered and gave great weight to the opinions of both Dr. Goh and Dr. Fletcher. Dr. Fletcher opined that plaintiff could stand and walk a total of "four hours" during an eight-hour workday. Accordingly, there is substantial

3

evidence to support the ALJ's finding that plaintiff is able to stand and walk for four hours.

Plaintiff also contends that the standing and walking limitation is significant because she would be disabled under the grid rules at a less than four hours limitation. This contention is also without merit. The grids do not apply to step four of the sequential analysis but apply at step five. *Fetters v. Comm'r of Soc. Sec.*, 160 F. App'x 462, 463 (6th Cir. 2005) ("Use of the Grids is not required at step four of the five-step sequential process prescribed by 20 C.F.R. § 404.1520 for evaluating disabilities.") (citing *Smith v. Sec. of Health & Human Servs.*, 893 F.2d at 110 (grids inapplicable because ALJ found that claimant could perform past relevant work and therefore was not disabled).

In this case, the ALJ found at step four that the plaintiff could perform her past work as an auditing clerk as that work is generally performed in the national economy. He therefore found plaintiff not disabled. *Sandborn v. Comm'r of Soc. Sec.*, No. 1:07cv1190, 2009 WL 126340, at *5 (W.D. Mich. Jan 16, 2009) ("The ALJ uses the grids to assist in determining whether a claimant can perform other work at step five of the sequential evaluation[,]" and "[h]ere the ALJ resolved the disability claim at step four, when he found that plaintiff could perform her past relevant work.") (citations omitted). The ALJ found the plaintiff herein not disabled at step four because she could perform her past relevant work, and hence there was no need for the ALJ to proceed to step five of the sequential evaluation analysis.

4

Accordingly, for the reasons discussed, the court finds no error in the magistrate judge's report and recommendation. Therefore, the court will overrule plaintiff's objections [doc. 19]; grant defendant Commissioner's motion for summary judgment [doc. 16]; and deny plaintiff's motion for summary judgment [doc. 14]. An order consistent with this opinion will be entered.

ENTER:

s/ Leon Jordan
United States District Judge